UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD STITT,

    Plaintiff,                                           Case No.06-11849

v.                                                  HONORABLE DENISE PAGE HOOD

DYLAN CONSTRUCTION, INC.,
MIDWEST INDUSTRIAL FLOORING, INC.,
GLENN ROSTIN and LEAH ROSTIN,

    Defendants.
_____/

**OPINION AND ORDER**

**I.    BACKGROUND**

This matter is before the Court on Plaintiff's Emergency Motion to Enter Default Judgment pursuant to FRCP 55(b)(2). As of this date, Defendants have filed no response.

Plaintiff filed the instant action on April 19, 2006 against Defendants Dylan Construction, Inc., Midwest Industrial Flooring Inc., and Glenn Rostin and Leah Rostin alleging that Defendants violated, the Michigan Whistleblower Protection Act under MICH. COMP. LAWS . § 15.362 *et seq*., Count I, or in the alternative, Defendants violated Michigan's Public Policy, Count II. Additionally, Plaintiff alleges that Defendants violated the Racketeering Influenced and Corrupt Organizations Act (RICO), under 18 U.S.C. § 1961, *et seq.*, Count III, engaged in a Civil Conspiracy, Count IV, committed Fraud, Count V, and Conversion, in violation of MICH. COMP. LAWS . § 600.2919(a), Count VI.

This is Plaintiff's second Motion to Enter Default Judgment. On May 15, 2006, Plaintiff filed a Request for Clerk's Entry of Default. On May 16, 2006, the Clerk entered a default against

all Defendants. On May 26, 2006, Plaintiff filed a Motion for Default Judgment. On July 12, 2006, a hearing on Plaintiff's Motion for Default Judgment was held. At the hearing, Plaintiff testified and presented expert testimony on the issue of damages. Plaintiff requested over $4 million in damages. Additionally, on July 12, 2006, Defendants filed a Motion to Vacate the Entry of Default. On July 14, 2006, Plaintiff's filed an Emergency Motion to Expedite Ruling on Defendant's Motion to Vacate. On August 10, 2006, this Court filed its Order holding moot Plaintiff's Motion for Default Judgment, and Emergency Motion for Ruling on Defendant's Motion to Vacate, and granting Defendants' Motion to Vacate Default Judgment. The August 10, 2006 Order also ordered that Defendants file an Answer to the Complaint by Monday, August 25, 2006.[1] Defendants filed an Answer to Plaintiff's Complaint on August 28, 2006. Also, on August 28, 2006, Plaintiff filed a Request for Clerk's Entry of Default and the Clerk entered a default against all Defendants.

## II.    ANALYSIS

Federal Rule of Civil Procedure 55(a) states: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Federal Rule of Civil Procedure 55(b)(2) states that upon application by the party, the Court may enter a Judgment by Default. Rule 55(b)(2) further provides: "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any

---

[1] The Court is cognizant that this was a clerical error, August 25, 2006 was a Friday, and August 28, 2006 was a Monday.

other matter, the court may conduct such hearings or order such references as it deems necessary and proper . . . ."

On September 13, 2006, the Court heard oral argument on this matter. At the hearing, Defendants' counsel stated that his office experienced equipment problems which prevented the filing of the Answer by the deadline directed by this Court's August 10, 2006 Order and that he was not confused by the Court's clerical error in regard to the filing deadline. Defendant acknowledged he was aware that the Answer was due on Friday, August 25, 2006, notwithstanding the clerical error. The Court will excuse the one day delay in the filing of Defendants' Answer.

Defendants did not move the Court to Set Aside the Clerk's Order of Default pursuant to Fed. R. Civ. P. 55(c), but did appear at the scheduled oral argument to oppose Plaintiff's Motion for Default Judgment. The Sixth Circuit has stated that "an answer . . . to a motion for default may be treated as a motion to set aside entry of default. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F. 2d 839, 844 (6th Cir. 1983)(*citing Breuer Electric Manufacturing Co. v. Toronado Systems of America, Inc.*, 687 F. 2d 182 (7th Cir. 1981). Defendants' appearance at the hearing and Answer to Plaintiff's Complaint are sufficient for this Court to set aside the Clerk's entry of default. The Court notes that "[t]rials on the merits are favored in federal courts . . . [s]ince the interests of justice are best served by a trial on the merits . . . ." *Id.* at 846 (citations omitted).

### III.   CONCLUSION

Accordingly,

IT IS ORDERED that Plaintiff's Emergency Motion for Entry of Default Judgment [**Docket No.20, filed August 28, 2006**] is DENIED.

3

IT IS FURTHER ORDERED that the Clerk's Entry of Default **[Docket No. 18, filed August 28, 2006]** against Defendants is SET ASIDE.

        /s/ Denise Page Hood  
        DENISE PAGE HOOD  
        United States District Judge

Dated: September 19, 2006

        I hereby certify that a copy of the foregoing document was served upon counsel of record on September 19, 2006, by electronic and/or ordinary mail.

        S/William F. Lewis  
        Case Manager