**UNITED STATES DISTRICT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**TODD STITT**

       **Plaintiff,**

                                       **Case No: 06-11849**
                                       **Honorable Denise Page Hood**

**v.**

**DYLAN CONSTRUCTION, INC.,**
**MIDWEST INDUSTRIAL FLOORING, INC.,**
**GLENN ROSTIN and LEAH ROSTIN**

       **Defendants.**
_____

## MEMORANDUM OPINION & ORDER

### I.        INTRODUCTION

This matter is before the Court on Plaintiff's Motion for Costs and Attorney Fees, filed

on October 27, 2006, and Plaintiff's Emergency Motion to Enter Default Judgment and/or in the

Alternative Enter an Order to Compel with Sanctions, filed on November 2, 2006.  On

November 8, 2006, Defendants filed a Response to Plaintiff's Emergency Motion to Enter

Default Judgment and/or in the Alternative Enter an Order to Compel with Sanctions.

### II.       PROCEDURAL BACKGROUND AND STATEMENT OF FACTS

Plaintiff filed the instant action on April 19, 2006 against Defendants Dylan

Construction, Inc., Midwest Industrial Flooring Inc., and Glenn Rostin and Leah Rostin alleging

that Defendants violated, the Michigan Whistleblower Protection Act under MICH. COMP. LAWS .

§ 15.362 *et seq*., Count I; or in the alternative, Defendants violated Michigan's Public Policy,

Count II.  Additionally, Plaintiff alleges that Defendants violated the Racketeering Influenced

and Corrupt Organizations Act (RICO), under 18 U.S.C. § 1961, *et seq.*, Count III; engaged in a

Civil Conspiracy, Count IV; committed Fraud, Count V; and committed Conversion, in violation

of MICH. COMP. LAWS . § 600.2919(a), Count VI.

Plaintiff's Complaint asserts that he was employed at Defendants' business as a foreman

from January 2000 until January 2006, when he was terminated by Defendants.  Plaintiff asserts

that Defendants improperly reported his wages to the IRS, failed to pay the Government taxes

that Defendants withheld from Plaintiff's pay checks and failed to remit these funds to Plaintiff.

(Pl.'s Compl. ¶¶ 18-19, 21, 23, 25)  Plaintiff also asserts that when he informed Defendants of

his knowledge of the above facts, his employment was abruptly terminated.  (Pl.'s Compl. ¶¶ 27-

28)

This is Plaintiff's third Motion to Enter Default Judgment.  On May 15, 2006, Plaintiff

filed a Request for Clerk's Entry of Default.  On May 16, 2006, the Clerk entered a default

against all Defendants.  On May 26, 2006, Plaintiff filed a Motion for Default Judgment.  On

July 12, 2006, a hearing on Plaintiff's Motion for Default Judgment was held.  At the hearing,

Plaintiff testified and presented expert testimony on the issue of damages.  Plaintiff requested

over $4 million in damages.  Additionally, on July 12, 2006, Defendants filed a Motion  to

Vacate the Entry of Default. On July 14, 2006, Plaintiff filed an Emergency Motion to Expedite

Ruling on Defendants' Motion to Vacate.  On August 10, 2006, this Court filed its Order holding

moot Plaintiff's Motion for Default Judgment, and Emergency Motion for Ruling on

Defendants' Motion to Vacate, and granting Defendants' Motion to Vacate Default Judgment.

The August 10, 2006 Order also ordered that Defendants  file an Answer to the Complaint by

2

2:06-cv-11849-DPH-DAS   Doc # 34   Filed 01/05/07   Pg 3 of 6   Pg ID 285

Monday, August 25, 2006.[1]  Defendants filed an Answer to Plaintiff's Complaint on August 28, 2006.  Also, on August 28, 2006, Plaintiff filed a Request for Clerk's Entry of Default and the Clerk entered a default against all Defendants.   On September 13, 2006, oral argument was heard on Plaintiff's second Motion for Entry of Default.  On September 19, 2006, the Court issued a written opinion holding that Defendants' appearance at the hearing and Answer to Plaintiff's Complaint were sufficient for the Court to set aside the Clerk's entry of default, and denied Plaintiff's Motion for Entry of Default.

**III.     ANALYSIS & APPLICABLE LA W**

**A.     Plaintiff's Emergency Motion to Enter Default Judgment and/or in the Alternative Enter an Order to Compel with Sanctions**

Plaintiff asserts in his Emergency Motion to Enter Default Judgment and/or in the Alternative Enter an Order to Compel with Sanctions that entry of default judgment against Defendants is warranted under either Federal Rule of Civil Procedure 37 or Federal Rule of Civil Procedure 55 because Defendants have failed to cooperate with Plaintiff's discovery requests or otherwise defend this action.

Federal Rule of Civil Procedure 37(b) provides that if a party fails to obey an order regarding discovery, the court may make such orders as are just, including dismissing the action against the disobedient party.  Fed. R. Civ. P. 37(b)(2)(C).   Rule 37(b) sanctions may include prohibiting a party from introducing matters in evidence, striking pleadings, or dismissal of an action, where that party has failed to comply with an order of a court regarding discovery and the failure to comply is attributable to a "wilfulness, bad faith, or any fault" of the party.  Fed. R. Civ. P. 37(b)(2)(A), (B),

---

[1]  It has come to the Court's attention that this was a clerical error, August 25, 2006 was a Friday, and August 28, 2006 was a Monday.

3

and (C); *Intercept Security Corp. v. Code-Alarm, Inc.*, 169 F.R.D. 318, 321 (E.D. Mich. 1996)(citing *Societe Internationale Pour Participations Industrielles et Commerciales, S.A. v. Rogers*, 357 U.S. 197, 212 (1958)); *Bass v. Jostens, Inc*., 71 F.3d 237 (6th Cir. 1995). The sanctions set forth in Rule 37(b) are for violations of a court order requiring a party to respond to discovery requests. Rule 37(a) allows a party to make a motion to compel the opposing party to respond to discovery requests. Fed. R. Civ. P. 37(a). If the motion to compel is granted, the court may impose sanctions, including attorney fees and costs. Fed. R. Civ. P. 37(a)(4). If a party fails to comply with a Court's order, then Rule 37(b)(2) comes into play and provides for more severe sanctions such as striking pleadings, prohibiting a party from introducing matters into evidence or entering a default judgment or dismissal against the party failing to obey any orders. Fed. R. Civ. P. 37(b)(2)(C). Dismissal is the sanction of last resort but a district court does not abuse its discretion in dismissing a case even though other sanctions might be workable, if dismissal is supported on the facts. *Beil v. Lakewood Eng'r and Mfg. Co.*, 15 F. 3d 546, 552 (6th Cir. 1994); *Bell & Beckwith v. United States*, 766 F.2d 910, 912 (6th Cir. 1985).

In support of his motion, Plaintiff argues that Defendants have failed to respond to Plaintiff's discovery requests. On September 21, 2006, Plaintiff served interrogatories and a request for production of documents on Defendants. Defendants did not answer Plaintiff's discovery requests. On October 30, 2006, Defendants failed to appear at a scheduled settlement conference. On that same day, Plaintiff agreed to give Defendants a two-week extension within which to respond to Plaintiff's discovery requests. Additionally, Defendants failed to appear for their scheduled depositions on November 1, 2006 and November 3, 2006. As of December 5, 2006, the date of the hearing on this motion, Defendants had yet to respond to Plaintiff's discovery requests.

4

In their Response to Plaintiff's Motion for Entry of Default Judgment and/or in the Alternative Enter an Order to Compel with Sanctions, Defendants admit that they have failed to comply with Plaintiff's discovery requests.   Defendants also state that they agreed to deposition dates during the week of October 23rd, and not October 30th, and that Plaintiff's counsel stated she would advise them if the dates changed.   Defendants assert that Plaintiff's counsel did not so advise them.

While the Court is cognizant of Defendants failure to defend this action, the Court cannot grant Plaintiff's request for entry of default under either Rule 37 or Rule 55 because Plaintiff has not complied with the requisite procedural steps.   Plaintiff never filed the necessary request for clerk's entry of default under Rule 55(a), as the two previous entries of default by the clerk have been set aside.   Accordingly, the Court cannot enter a default judgment pursuant to Rule 55(b). Additionally,  this Court has not entered an Order compelling Defendants to disclose or otherwise respond to Plaintiff's discovery requests because the present motion is the first time that Plaintiff has moved for an order to so compel.   Entry of default judgment pursuant to 37(b) is inappropriate under the circumstances as Defendants have not failed to comply with any of this Court's Orders regarding discovery, as none have been issued.   Accordingly, the Court will grant Plaintiff's request for an Order to Compel Defendants to respond to Plaintiff's discovery requests.   Defendants must, within seven days of the date of this Order, answer Plaintiff's September 21, 2006 interrogatories and production of document requests, and Defendants must appear for depositions on or before January 18,  2007 or a date subsequent thereto set by Plaintiff's counsel, but not beyond thirty days of the date of this Order.  Failure to comply with this Court's Order may result in a default judgment entered against Defendants.

**B.      Plaintiff's Motion for Costs and Attorney Fees**

Plaintiff argues that he is entitled to an award of costs and attorney fees because Defendants have violated this Court's rules and Orders and Plaintiff has been prejudiced.  Plaintiff does not cite either a statute or case law supporting this assertion.  The Court will not award costs and attorney fees under these circumstances.

**IV.     CONCLUSION**

IT IS ORDERED that Plaintiff's Motion for Costs and Attorney Fees is **[Docket No. 27, filed October 27, 2006**] is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff's Emergency Motion for Entry of Default Judgment and/or in the Alternative Enter an Order to Compel with Sanctions  **[Docket No.28, filed November 2, 2006**] is DENIED IN PART and GRANTED IN PART.

IT IS FURTHER ORDERED that Defendants shall answer Plaintiff's September 21, 2006 Interrogatories and Production of Document requests within seven days of the date of this Order.

IT IS FURTHER ORDERED that Defendants shall appear for depositions on or before January 18, 2007 or a date subsequent thereto set by Plaintiff's counsel, but not beyond thirty days of the date of this Order.


                                                    /s/ Denise Page Hood_____
Dated: January 5, 2007                              DENISE PAGE HOOD
                                                    United States District Judge


**I hereby certify that a copy of the foregoing document was served upon counsel of record on January 5, 2007, by electronic and/or ordinary mail.**

               **S/William F. Lewis_____**
               **Case Manager**

6